All right and we'll proceed to hear argument in the next case on calendar for argument which is 24-2545 United States of America v. Joshua Ian Celnik. And we will hear first from Mr. Torgoli. And did I pronounce that correctly? You did your honor. All right great. You may proceed. May it please the court and I would like to cede two minutes for reserve. My name is Shaw Torgoli. I represent Joshua Ian Celnik. He was the defendant at trial and is the appellant before the court who convicted after a jury trial which included fundamentally three issues that I'm going to focus on today. I'm going to take them out of order because the first issue raised the Crawford hearsay issue has a tendency to meander and include some other things but I think it'll make sense to the court why we do it this way. Judges, after Mr. Celnik testified during the defendant's case the government recalled a hybrid witness and the hybrid witness special agent Cullen special agent forensic examiner Cullen he to that point in trial had already been introduced as an expert to the jury and testified as such. In his rebuttal he presented to the jury three distinct areas of testimony which were undeniably expert in their nature and in fact two were characterized by the government as experiments. And as I understand the record there was no objection at trial to his testimony on Dalbert grounds or expertise grounds am I correct? Before the trial judge there was findings by the court yes and that is true. Now when he took the stand in rebuttal you're now making an argument that the evidence should have been subjected to a Dalbert standard or something like that. Correct. That was never raised below. Well at the end of his rebuttal testimony that is when defense counsel objected. So it's our argument that it was preserved on Dalbert grounds? Well the way and I'm glad the court asked that question it's something that's come up in our briefing. Because the answer is no. The answer is kind of. Defense counsel in his objection Is that enough for Dalbert? Kind of? Well if I may get to that point your honor the the point that defense counsel makes is that he was fully unprepared for these areas of testimony and required some sort of disclosure under rule 16. Dalbert of course refers to tendering experts as experts and it connects very closely to rule 16. But that's a different argument that you're making on appeal. What you're saying is he shouldn't have been allowed to testify as an expert if he was in rebuttal and you never raised that argument to the trial judge and so you're asking us to reverse the trial judge on an argument you never made to him. We can do that but it has to be plain error doesn't it? If the court settles that defense counsel did not preserve this then yes the court is right. But we would argue differently judge. At the end of the day what the defense counsel did and argue is that he needed some kind of curative relief by the court. And what he did is ask for disclosure discovery under rule 16 and what the court. Rule 16 doesn't require disclosure of rebuttal experts in advance. That's true judge it does not. It doesn't require that and so I'm not sure that his choice to call it. The objection that you seem to make did not does not seem to be well taken and doesn't seem to suggest that there should be some kind of a you know a Dalbert hearing. Could the judge repeat the question? He said it doesn't sound like the objection that was raised was well taken nor that it would seem to suggest to the court that it should be conducting a Dalbert hearing at that point. Well so here's the problem your honor the the trial court did already review that the qualifying expertise of the witness prior to trial. The issue is the expertise was as a forensic examiner with a couple weeks of training but far more on the job training at the FBI. His expertise related to the forensic examination of computers of hardware of things of that nature. The three distinct areas of his rebuttal testimony pertain far more directly to BitTorrent and to the technology that allows peer-to-peer. As I read his testimony it was essentially your client took the stand and said if this stuff is on my computer if there are links to this stuff on my computer because it's not on your computer with BitTorrent they must have arrived through some inadvertence either because X Y or Z and as I understand the rebuttal testimony it was the agent saying well I tried X Y or Z and what he says didn't occur and so it's rebutting the factual testimony of the testimony of your client it's not it's not expert testimony about BitTorrent it's not expert testimony about other things it's I tried to replicate what he said put this stuff on his computer if you will and when I did it that's not what occurred isn't it isn't that what his testimony was? I'm not sure I entirely agree with the characterization judge because some of what he did could not be replicated by any person of average experience or education these were these are technical things that the rebuttal witness did and I need to point out to the court he actually ran these experiments they're literally called experiments by the government these were run before the defendant testified beforehand and so they were prepared for his testimony I'm not sure the fact they were run beforehand makes any difference well I submit to you judge that when an FBI forensic examiner is running experiments prior to a defense case that is essentially an extension of the investigation which should be subject to if not daubert some sort of gatekeeping function by the district court and at each of these tests judge and I think it's an important distinction that these relate to BitTorrent and not simply relating to the area of testimony that was proffered during pretrial hearings his first test he claims he pulled torrent files into app data which did not cause the torrent client sorry it did not cause it to be added to the torrent client this was designed to explain the way data transfer between devices which is something that came up in the defendant and your clients your client says the money was it it must have gotten inadvertently transferred between devices that's right and so he said I I tried to transfer between devices and this didn't occur he says he did it before the defendant testified judge that's correct but this is not this is not testimony presented during his the government's case in chief the start was in rebuttal correct judge the second test was he was on the this is the agent again could not use the graphical user interface to select hidden folders instead he had to physically type in a file path to make that happen again this is a BitTorrent area of testimony as this is not about the hardware or even the software in a standard computer or something that would be within the framework of a forensic examiner's expertise lastly was there any doubt that the defense in part would consist of I don't know how this stuff got on my computer I submit to you judge that that is a very predictable defense and in fact so predictable to the government in the post Miranda interview occurred almost five years earlier he the defendant laid out in a hundred and ten page interview exactly that defense and it was the same defense at trial five years later so this notion in the a USA argued it briefly that we have no idea what the defendant's gonna say I miss hogwash it was incredibly it was so predictable they predicted it and they ran experiments I'm not sure why that's that matters they don't know that he's going to take the stand he may decide a trial not to if he doesn't take the stand maybe they don't want to put on this rebuttal evidence because otherwise the case seems unrebutted so they they're prepared for they're prepared for his testimony I'm not sure there's a rule that says they have to run the experiments right after he testified so and judge here's the issue if you're the defense attorney in this trial you've had access to discovery at least as the federal rules contemplate them and these are expert experiments in the government's description conducted that he the defense counsel has no access to cannot review it is not replicated before the jury and ultimately he is unable to do anything besides ask a few questions about why it wasn't preserved he was not able to take those and share them with his own expert to have them evaluated and I think this is why he settled on rule 16 in his oral objection I think that's why he got there you arguing that the government's preparation anticipating what the defendant will offer as a defense is somehow Brady I think it could be judge and I'm not sure here if it is we're not we're not raising that argument but when contemplating the weight of the evidence the defense should have access to expert experiments that are conducted by the government using government resources for the purposes of establishing a defendant's guilt beyond a reasonable doubt if it includes Brady I would love to be able to make that argument today I'm not in a position to do that no that's correct judge and I've got a limited time and I'm interested in hearing your Crawford argument and let me just set it up for you these all seem to be machine-generated reports and all they really do is as I look at them and some other hard to understand say yes this file that was on his computer this link if you will to BitTorrent when I run it it turns up child pornography so tell me why that's your say so the the software torrential downfall as the court is probably aware is created in collaboration with law enforcement it's controlled only by law enforcement it's available only to law enforcement as I understand it it's only been validated by the FBI so everything about the the machine if if you will it is a government's machine but he did but the witness didn't testify about you know about the machine if you will he just said I use the machine and this is the reports that have produced and you could cross-examine the witness you could have asked him anything you wanted about the software so I'm trying to find figure out why the ultimate reports generated which is all it was put in evidence are themselves testimonial hearsay so the judges these logs are the chief evidence on the three distribution the more serious counts of conviction here that the logs are what show it in the government in the government's estimate and this software includes pursues hashtag items that have already been in a different database at the only the government controls determined to be exploited of material apologies and so in this particular case judge we're kind of at a frontier where what is machine generated I encourage the court to take a broader view because if government created and controlled software can peer into people's computers and say we found X on there it's X because our database says so and from there we believe you distribute it because we entered your computer to download either bits or its entire in this case in its entirety and here's the massive log that you can look at and cross-examine the witness if you will but this case the witness who who initiated this is unavailable which is part of the problem at the end of the day judge what is machine created here is really it deserves a more nuanced view this isn't so much a Crawford argument it's just a foundation argument I don't what you just articulated didn't seem to have any element of Crawford in it it's all foundation our argument judge is that there are aspects of the creation process how this log comes to be created and determined that is testimony that cannot be effectively cross-examined just by plunking a log down in a courtroom and saying have argument it has nothing to do with whether it was Daniels or Colin we disagree judge it was Daniels who initiated the creation of these logs whose inputs and whose selective discretion is what led to the creation of the logs Daniels was unavailable but I mean given you know that agent Daniels untimely passed why what why is it abusive discretion for the district court to permit someone to come in and say I re-ran everything and you know here are the results in the report and it all matches up well the trouble judge is that no one really re-ran it in the traditional sense the offenses that took place here were investigated the behest of agent Daniels who conducted the underlying log creation on dates that linked up with the indictment in 2000 years had testified and testified exactly the same way the agent who testified at trial testified would you have a hearsay objection unlikely judge that's why I'm having difficulty figuring out why because the testimony at trial from the agent didn't describe what went into the creation of the software so if if Daniels wouldn't have been required to say that why is the substituting agent required to say by analogy judge if the agent who initiated the creation of the logs using government's own software were available the defense would be more effectively able to confront him and the decisions he made that went into the creation of the ultimate log I apologize judge I'm nearly out of my entire time here that's all right I'll give you the two minutes because we asked you a number of questions so all right so we'll hear now from Ms. Delord did I pronounce that correctly okay good morning your honors may it please the court I am Carla Hodes Delord representing the United States I will begin where we just left off with the confrontation clause issue there was no confrontation clause violation here as the district court correctly found the torrent logs which the defendant takes issue with were machine-generated and I understand exactly what the record is the were the logs the actual exhibits that were admitted were they the ones that were the historical ones that corresponded to agent Daniels as opposed to rerun regenerated new logs I assume they're the former correct it's it's not it is it wasn't specified whether these were the exact logs that came from agent Daniels or agent colon a agent Daniels the testimony was that agent Daniels started the investigation so yes when you start the investigation that logs are automatically generated so yes these would be the logs generated from when agent Daniels started the investigation that's correct agent Daniels his part after that after you started the was then he made the forensic image of the defendants devices the forensic copies agent Daniels passed away nothing else from the agent Daniels was presented or before the jury agent colon went through and he verified that the forensic imaging that agent Daniels did was correct in the exact match that so how did explain to me the foundation for how we verified the the forensic copy it's through a process using hash values and hash values are equivalent to more they're more exact than DNA for instance the the odds of having an exact match if there's any little piece that's off they won't match up so if you have this hash value match that verifies that says that these are identical copies and so agent colon went through and using his forensic examination and doing this hash value calculation determined there was a match and it was that his copy he came up with was an identical replica of what agent Daniels had done so he's comparing copy he's comparing copies that he derives using the program with the copies that agent Daniels right correct yes so he verified that it was an exact identical copy okay so let's go back to the testimony about what the logs show in other words I understand that this is just a verification that the original the original mapping was did produce these images let's assume agent Daniels had testified and we didn't have to substitute witness describe for me the government has this proprietary software if you will that allows them to look at the bit torrent reference on a computer and then match it up to an image how can they cross-examine you about whether that's an accurate whether that accurately produces the right image the and again that that can also go to foundation authentication as well and I'm not worried for the moment about the nature of the objection correct I'm just trying to figure out how a defendant when confronted with his testimony gets the ability to cross-examine he could cross so we had detective early detective early as a co-developer of the software so he could cross-examine detective early on the software and being the co-developer and things of that nature about it and then which he did have that ability to do that and the court in doing this you know the defendant had made a hearsay foundation and authentication objection and the court went through after listening to agent early's testimony about the software and how it works and the results it produces found that it there was everything was machine generated there was no hearsay it was not testimonial and then the court also found at trial that the government had laid sufficiently met the foundation and authentication for the program to come in so that is how a defendant could could challenge us in the future and he had the opportunity to with detective early so there is no confrontation clause violation here at issue now can you turn to the rebuttal testimony if you yes and put aside plain error or preservation for a moment I take it it's true that the government had run these tests if you will before before the defendant took the stand the agent testified agent colon testified that when he was in his hotel room the night before the defendant testified he was trying to anticipate what the defendant's testimony would be the next day so he on his own ran these experiments at trial the defense objected on disclosure grounds did not raise a doubt and then the judge says it's rebuttal you don't the judge said you said the judge found that it was impeachment testimony so even if this court were to find that it went beyond impeachment testimony and it went to expert testimony there's still no problem here there's still no error and the reason is because before trial the government noticed agent colon as an expert it said he could he was he did the forensic examination of the defendant's devices he had knowledge of various operating systems he had knowledge of the dates when dates were accessed and dates were modified on a computer he was also familiar with the cleaning software he testified to these things on direct examination your position is had they raised a Dalbert objection you could have established his expertise absolutely no one was disputing that he was a an expert no one disputed that he was an expert and in fact based on his testimony that he had during direct the court was able to evaluate his testimony the reliability and relevancy and as the district court found had the defendant not testified or had he testified differently the agent Collins rebuttal testimony may not have even been relevant and it may not have even been brought up to begin with but because the defendant testified the way he did that is why agent colon was called as rebuttal to impeach that testimony to say you know defendant says if I run X I get Y result and agent colon got up to rebut that and said I did run X I got Z result but that was all within the realm of his expertise everything he talked about on rebuttal whether it was impeachment or expert testimony it was all within his expertise you're not arguing that his rebuttal testimony was the testimony of a layperson are you no I know I would say yeah it would have required expertise it would have and which was clearly established and no one objected to that and if there's if the court were to somehow find that there was error it doesn't rise to the level of plain error and that the defendant's substantial rights were not affected and that the defendant got to cross-examine agent colon two different times on his rebuttal testimony alone and in addition the amount of overwhelming evidence that presented that was if the court has no further questions on any of the issues then we respectfully ask that you confirm his affirm excuse me his convictions and sentence all right Thank You counsel we'll hear rebuttal now judges thank you for the additional two minutes the the court asked a question well how is it that one facing significant charges with due process on their side can cross-examine this software and the answer the government presented was by cross-examining one of several people that helped develop the software and so it's not hard to see and a reason I encourage the court to take a more expansive view of what is machine generated we're literally the frontier where AI can start doing these things on its own in matter of fact detective early said that there are settings here that allow the software controlled only by the government in fact so controlled by the government it's outside of our record but the government does protect this proprietary software in this district and in others if we're at a point now where the programmers of this software can simply say as far as I know it works deal with it it's gonna make it incredibly hard to effectively cross-examine the results it's not enough it there should be more in a situation like this where the chief evidence of distribution is created by government controlled proprietary software it's not available but the government mentioned that defense counsel got to cross-examine agent Colin not once but twice and that's true if you read the record there is almost nothing that he is able to cross-examine him about because despite using an FBI laptop he did not save his results he did not write reports he did not take notes and he could not replicate it in court so how can defense counsel effectively represent his clients in a situation like that where the answer to every question is you weren't in my hotel room sorry that sort of argument should should be really concerning to this panel it's something that it should consider I'm out of time judges I would just close by asking for the reasons in our brief to reverse the conviction and the judgment against mr. so all right Thank You counsel me thank counsel for both sides for their helpful arguments in this case and the case just argued will be submitted
judges: HAWKINS, HURWITZ, COLLINS